# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0473, <u>Appeal of City of Keene</u>, the court on September 16, 2021, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The petitioner, City of Keene (City), appeals an order of the New Hampshire Board of Tax and Land Appeals (BTLA) determining that the City over-assessed the respondent, Public Service Company of New Hampshire d/b/a Eversource Energy (PSNH), for tax year 2016. We vacate and remand.

In February 2017, PSNH applied to the City's assessor for abatement of taxes assessed as of April 1, 2016. <u>See</u> RSA 76:16 (Supp. 2020). In support, PSNH submitted that "[t]he City's assessment substantially exceeds the fair market value of PSNH's taxable property in Keene." PSNH requested "abatement of the taxes assessed against all of the properties listed on the attached list," which included the parcel at issue — an office building located at 19 Production Avenue acquired by PSNH in August 2016. The assessor denied the abatement request, and PSNH appealed to the BTLA. <u>See</u> RSA 76:16-a, I (Supp. 2020).

Prior to trial, the parties stipulated that the aggregate assessment of PSNH's property in Keene for the 2016 tax year was $70,427,100, which included an assessment of $1,817,200 for the office building. Thereafter, each party submitted an expert report appraising the value of PSNH's property. In its appraisal, PSNH's expert opined that the assessed value of the office building was its fair market value. As the expert's report explained, unlike PSNH's transmission and distribution assets, because there is a competitive market for an office building, its value "is not limited by the regulatory construct." Likewise, the City's expert opined that the City's assessed value for parcels owned by PSNH in fee, which are not directly associated with high voltage transmission rights-of-way, and on which service or office buildings are located, represented the fair market value of such property. The City's expert, however, did not include the office building at issue in its valuation of PSNH's property in Keene. According to the City, its expert excluded the office building because PSNH did not own the property on April 1, 2016. Following trial, the BTLA awarded abatements to PSNH based upon the City's expert's opinions of value. In doing so, the BTLA compared the stipulated aggregate assessment that included the office building with the expert's opinion of aggregate value

that excluded the office building, and concluded that the City had over-assessed PSNH by $12,962,099. This appeal followed.

On appeal, the City argues that the BTLA exceeded its subject matter jurisdiction "because the BTLA's calculation has the effect of abating 100% of the value of [the office building parcel] – notwithstanding that PSNH asserted that the [parcel's] fair market value was the assessed value – and, in so doing, granted relief on a basis other than disproportionality." For similar reasons, the City also asserts that "the BTLA's decision was unjust and unreasonable and contrary to the evidence in the record." PSNH counters that the BTLA "properly relied on the parties' stipulation and the evidence presented to it in reaching its Decision to grant an abatement" and that "[t]here can be no credible argument" that PSNH "is not paying its share of the common tax burden."

Although PSNH contends that the City failed to raise any of its arguments "in a timely manner" before the BTLA and, thus, they are not preserved for appellate review, we disagree. Under RSA 541:3, any motion for rehearing must be filed within 30 days of the BTLA's decision. See RSA 541:3 (2021); N.H. Admin. R., Tax 201.37(a). The motion for rehearing must "set forth fully every ground upon which it is claimed that the decision or order complained of is unlawful or unreasonable." RSA 541:4 (2021); see N.H. Admin. R., Tax 201.37(a). No appeal from a BTLA decision may be taken unless the appellant has moved for rehearing as set forth in the pertinent statutes. See RSA 541:4; N.H. Admin. R., Tax 201.37(a). Any appeal must then be filed within 30 days after the BTLA rules on the motion for rehearing. See RSA 541:6 (2021); N.H. Admin. R., Tax 201.37(a). Here, the City timely filed a post-trial motion setting forth the grounds upon which it contends that the BTLA's decision was erroneous, including its argument that the BTLA's over-assessment for tax year 2016 is over-inflated by approximately $1,821,000 as a result of the office building being included in the stipulation but not included in the City's expert's appraisal. Accordingly, we determine that the City timely raised this issue with the BTLA.

Our standard for reviewing BTLA decisions is set forth by statute. See RSA 541:13 (2007). The BTLA's findings of fact are deemed prima facie lawful and reasonable. Id. To prevail, the appellant must show by a preponderance of the evidence that the BTLA's decision was clearly unreasonable or unlawful. Appeal of Pub. Serv. Co. of N.H., 170 N.H. 87, 93 (2017). We will not set aside or vacate a BTLA decision except for errors of law, unless we are satisfied, by a clear preponderance of the evidence before us, that such order is unjust or unreasonable. Id.

We first address the City's jurisdictional argument. "Subject matter jurisdiction is jurisdiction over the nature of the case and the type of relief sought; the extent to which a [tribunal] can rule on the conduct of persons or

the status of things." Gordon v. Town of Rye, 162 N.H. 144, 149 (2011) (quotation omitted). "In other words, it is a tribunal's authority to adjudicate the type of controversy involved in the action." Id. (quotation omitted). A tribunal "lacks power to hear or determine a case concerning subject matters over which it has no jurisdiction." Id. (quotation omitted). "A party may challenge subject matter jurisdiction at any time during the proceeding, including on appeal, and may not waive subject matter jurisdiction." Id. (quotation omitted).

RSA 71-B:5, I, provides that the BTLA has the "power and authority . . . [t]o hear and determine all matters involving questions of taxation properly brought before it." RSA 71-B:5, I (2012). The City argues that the BTLA exceeded its jurisdiction because, despite the fact that "PSNH's abatement application was predicated upon disproportionality and the over-assessment of PSNH's property," the BTLA awarded an abatement on grounds other than disproportionality. Although the City's argument may be pertinent to whether the BTLA's determination on the merits was "clearly unreasonable or unlawful," RSA 541:13, we disagree that it supports that the BTLA lacked authority "to adjudicate the type of controversy involved in the action." Gordon, 162 N.H. at 149 (quotation omitted); see RSA 71-B:5.

Likewise, we disagree with the City's argument that PSNH's abatement application "relate[d] solely to the assessment of PSNH's regulated electric utility property" and, thus, the "mere mention of" the office building in the abatement application was insufficient "to invoke the BTLA's jurisdiction to abate the value of that parcel." See Appeal of Town of Sunapee, 126 N.H. 214, 216 (1985); RSA 76:16-a. The abatement application filed with the City's assessor plainly stated that PSNH sought abatement of the taxes assessed against "all of the property listed," and specifically listed the office building. PSNH submitted the same list of properties as the subject of its appeal to the BTLA, contending that "the full and true value of its property [was] substantially less than" the City's aggregate assessment of its taxable property. Accordingly, we reject the City's assertion that the BTLA lacked subject matter jurisdiction to determine the "questions of taxation properly brought before it" in this case. RSA 71-B:5, I.

Nonetheless, we agree with the City that the BTLA's decision was "unjust and unreasonable." See RSA 541:13. To carry the burden of proving disproportionality, a taxpayer must establish that the aggregate valuation placed on all of the taxpayer's property in the municipality is assessed at a higher percentage of fair market value than the percentage at which property is generally assessed in the municipality. See Appeal of Town of Sunapee, 126 N.H. at 217. Here, the parties stipulated that the aggregate assessment of PSNH's property in Keene was $70,427,100, which included an assessment of $1,817,200 for the office building. The BTLA compared this stipulated aggregate assessment with the City's expert's opinion of aggregate fair market

3

value of PSNH's property, and concluded that the City over-assessed PSNH by $12,962,099.  However, the City's expert <u>excluded</u> the office building from its valuation of PSNH's property in Keene.  Thus, as the City contends in its brief, the BTLA's comparison of the stipulated aggregate assessment of PSNH's property in Keene with the City's expert's opinion of the aggregate fair market value of PSNH's property in Keene "resulted in an apples-to-oranges abatement calculation" and an "erroneously inflated over-assessment calculation."  Given that the aggregate assessment relied upon by the BTLA in making its comparison included the assessment for the office building, the aggregate fair market value should have included the fair market value of the office building. It did not.  Accordingly, we vacate that portion of the BTLA's order and remand for proceedings consistent with this decision.

<u>Vacated and remanded</u>.


MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

4